# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **ROBERT HAHN ET AL** | **CASE NO.  2:21-CV-02374** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GREAT AMERICAN ASSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Great American Assurance Company's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6)" (Doc. 8) where Great American moves to dismiss the instant lawsuit because Plaintiffs are not named insureds, additional insured, or third-party beneficiaries under the lender force-placed policy alleged in their Petition. Also before the Court is a "Motion to Opt Out of the Case Management Order" (Doc. 10).

## BACKGROUND

In their Complaint, Plaintiffs allege that Hurricane Laura, which made landfall on August 27, 2020, damaged their home. Plaintiffs have sued Great American for failure to promptly and fully pay benefits under the policy.

Because Plaintiffs failed to purchase insurance on the home, the mortgagee, Rushmore Loan Management Services, LLC ("Rushmore") procured insurance through Great American. Rushmore is the only insured under the policy. Great American made payment for the covered loss to Rushmore.

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281

(5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Great American maintains that because Plaintiffs are not named insureds, additional insured, or third-party beneficiaries, they do not have standing to assert a claim under the policy.

To bring suit on an insurance policy, the plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of the policy. *Williams v. Certain Underwriters at Lloyd's of London,* 398 F. App'x. 44, 47 (5th Cir. 2010) (citing *Joseph v. Hospital Service Dist. No. 2 of Parish of Saint Mary,* 939 So.2d 1206, 1212 (La. 2006); Louisiana Civil Code Art. 1978). As noted by Great American, the policy in bold red typeface states as follows:

> Unless indicated otherwise by endorsement, this policy does not provide coverage for flood, earth movement, contents, errors & omissions or liability, nor does it provide coverage for the interest or equity of the mortgagor. This is creditor placed insurance, protecting your mortgagee's interest, subject to policy terms and conditions. Please read your policy for specific terms and conditions of coverage.[1]

The most basic requirement of a stipulation *pour autrui* is that the contract manifest a clear intent to benefit the third party. *Joseph*, 939 at 1212. Plaintiffs argue that their premium payments entitle them to benefits under the policy. Payment of a lender-placed policy is not sufficient to grant Plaintiffs standing under the policy. See *Kilson v. Am. Road Ins. Co.,* 345 So.2d 967, 969 (La.App. 2 Cir. 1977); *Harrison v Safeco Inc. Co.,* 2007 WL 1244268, at *5 (E.D. La. Jan. 26, 2007).

Plaintiffs also argue that they are parties to the contract because the policy imposes obligations upon them and authorizes them to act on its behalf. As noted by Great American, Plaintiffs have not plead nor proven that the lender gave such authorization.

---

[1] Defendant's exhibit A, p. 1, ACE-8801.

More significantly, the policy clearly and unambiguously confers benefits on Rushmore and expressly exempts Plaintiffs from coverage.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss will be granted and the Motion to Opt Out will be denied as moot.

**THUS DONE AND SIGNED** in Chambers this 19th day of October, 2021.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE